IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DONNELL, | No. C 07-4595 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SHAWN DIETRICH, et al., | |
| Defendants. | |

On September 5, 2007, plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges the following:  On January 16, 2007, at Soledad State Prison, Correctional Officer S. Dietrich ("Dietrich") "obtained an illegal weapon" from Correctional Officer V. Garcia ("Garcia") and "slashed" plaintiff's lower left arm while cutting off plaintiff's handcuffs.  (Compl. at 3:9-12.)  After plaintiff received medical treatment, Dietrich handcuffed plaintiff without properly securing the left handcuff, which caused the handcuff to tighten on plaintiff's left wrist.  (Id. at 3:13-15.)  As a result, plaintiff was coerced by Lt. Burch ("Burch") into making a statement "that coinsides with staffs statements."  (Id. at 3:15-17.)  Sgt. B. Greer ("Greer") then readjusted and properly secured plaintiff's left handcuff.  (Id. at 3:18-19.)

Plaintiff claims that Dietrich, Garcia, Burch and Greer acted negligently in the performance of their duties and that, as a result, plaintiff has been under psychiatric care since the alleged events occurred.  He seeks monetary damages.

Plaintiff has failed to state cognizable claims for relief under § 1983.  At the outset, neither negligence nor gross negligence is actionable under § 1983 in the prison context.  See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  Rather, the applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see id. at 834, or, in the case of allegations of excessive force, the prisoner must show that officials applied force "maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Here, plaintiff claims that defendants acted negligently, which is not sufficient to state a claim for relief under § 1983; moreover, plaintiff's allegations do not state a claim for relief under the Eighth Amendment, for the following reasons.

With respect to defendants Dietrich and Garcia, plaintiff's allegations that defendant

2

Dietrich slashed plaintiff's arm when cutting off plaintiff's handcuffs, and that defendant Garcia improperly secured plaintiff's left handcuff, do not state a claim for the use of excessive force because plaintiff has not alleged facts showing that Dietrich and Garcia acted maliciously and sadistically for the very purpose of causing plaintiff harm. Similarly, with respect to defendant Burch, plaintiff's conclusory assertion that Burch coerced plaintiff into making a statement fails to state a claim for relief because there is no allegation that Burch used force against plaintiff, or otherwise acted with deliberate indifference. Finally, plaintiff's allegations fail to state a claim for relief with respect to defendant Greer because plaintiff's statement that Greer "readjusted and properly secured plaintiff's left handcuff" does not support an inference of unlawful conduct by Greer.

Plaintiff has failed to state a cognizable claim for relief under § 1983; accordingly, the complaint will be dismissed. As plaintiff is proceeding pro se, however, he will be given leave to amend the complaint to correct the deficiencies noted above. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (holding district courts must afford pro se prisoner litigants opportunity to amend to correct any deficiency in complaints).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. A copy of the form is provided herewith. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 07-4595 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v.

Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge

4