IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'DONNELL, | No. C 07-4595 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SHAWN DIETRICH, et al., | |
| Defendants. | |

On September 5, 2007, plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 11, 2008, the Court reviewed the complaint and found plaintiff's allegations failed to state a cognizable claim for relief. Specifically, the Court found plaintiff's claims that correctional officers acted negligently when they cut plaintiff's arm while using a knife to remove plaintiff's plastic handcuffs, and later when they put new handcuffs on plaintiff too tightly, were not actionable under § 1983. The Court granted plaintiff leave to amend to plead facts that state a claim for relief under the Eighth Amendment.

On May 2, 2008, plaintiff filed an amended complaint in which he alleges that correctional officer Dietrich acted in violation of the Eighth Amendment because Dietrich acted deliberately and in violation of prison regulations by using a knife to cut off plaintiff's handcuffs, which resulted in plaintiff's arm being cut, and by improperly fastening plaintiff's

new handcuffs.

Plaintiff's allegations do not state a claim for relief under the Eighth Amendment. Even if, as plaintiff alleges, Dietrich used a knife to remove the handcuffs, instead of an approved tool, knowing that doing so was in violation of prison regulations, and accidentally cut plaintiff in the process, plaintiff has alleged no facts from which it can reasonably be inferred that Dietrich used force "maliciously and sadistically for the very purpose of causing harm," Hudson v. McMillian, 503 U.S. 1, 6 (1992), or that Dietrich knew or should have known that he was acting with deliberate indifference to plaintiff's safety by placing plaintiff at a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Similarly, plaintiff's allegation that Dietrich subsequently failed to properly lock plaintiff's handcuffs, which caused the left handcuff to tighten painfully around plaintiff's injury, does not raise an inference that Dietrich acted maliciously and sadistically or with deliberate indifference.

For the foregoing reasons, the Court finds, as a matter of law, that plaintiff has failed to state a cognizable claim for relief under § 1983. Accordingly, the complaint is hereby DISMISSED without further leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 19, 2008

MAXINE M. CHESNEY
United States District Judge

2